UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN ALMY,

Plaintiff,

v.

R. BANNISTER, et al.,

Defendants.

Case No. 3:13-cv-00645-MMD-VPC

ORDER

I. **DISCUSSION**

On January 29, 2014, this Court received and filed Plaintiff's motions for temporary restraining order/preliminary injunction.[1] (Dkt. nos. 3, 4.) In his motion for temporary restraining order/preliminary injunction, Plaintiff alleged that, in retaliation for filing multiple grievances against prison staff, prison officials transferred Plaintiff from Lovelock Correctional Center ("LCC") to Southern Desert Correctional Center ("SDCC") on January 13, 2014. (Dkt. no. 3 at 9-10.) Plaintiff alleged that during the move, prison officials refused to transfer Plaintiff's legal boxes which contained his research for an appeal brief due on February 10, 2014. (Id. at 10.) Plaintiff alleged that SDCC officials knowingly and maliciously "co-celled" Plaintiff with Loren Clark, an Aryan Warrior, who claimed to have stabbed nine inmates and had a California sentence of 56 years awaiting him after his 8-year sentence in the Nevada Department of Corrections

---

[1] These motions are identical. (See dkt. no. 3, 4.) Plaintiff signed and presumably mailed these motions on January 23, 2014. (See dkt. no. 3 at 12.)

("NDOC"). (*Id.* at 11.) Plaintiff alleged that he was in extreme fear that Clark, a 25-year old Aryan Warrior, would learn that Plaintiff had reported Robert Craner, an Aryan Warrior, 13 months prior. (*Id.*) Plaintiff alleged that other inmates at SDCC knew that Plaintiff had reported Craner and that it was a matter of time until Plaintiff was "exposed." (*Id.*)

In response, Defendants provided evidence that they had removed Clark from the cell and had transferred Clark to another prison on January 23, 2014. (*See* dkt. no. 11 at 2.) Prison officials had also mailed Plaintiff his last legal box on February 3, 2014. (*Id.* at 3.) Based on Defendants' response, this Court denied Plaintiff's motions for temporary restraining order and preliminary injunction. (*Id.* at 5.)

On March 5, 2014, Plaintiff filed a motion for reconsideration. (Dkt. no. 20.) Plaintiff's motion is 119 pages long and primarily argues the merits of his complaint. (*See generally* dkt. no. 20.) With respect to the motions for temporary restraining order and preliminary injunction, Plaintiff asserts that he does not want to be placed in protective segregation and, thus, does not want to tell prison officials about his safety and security concerns. (*Id.* at 4.) Additionally, Plaintiff acknowledges that Clark has been transferred to a different institution but argues that "[i]t wasn't just Clark who posed/poses a safety and security issue to Plaintiff, it is every [Aryan Warrior] on the SDCC yard who might learn" of the Robert Craner incident. (*Id.* at 13.) Plaintiff states that he has been subjected to threats at SDCC but will not implicate who has threatened him because he does not want to enter protective segregation. (*Id.* at 17.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for

reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. Plaintiff has not demonstrated that the Court committed clear error in its initial decision because Plaintiff only identified the threat as being Loren Clark. Additionally, based on Plaintiff's motion, he acknowledges that he would be safe from the threats of Aryan Warriors on the yard if he was placed in protective segregation. However, Plaintiff does not want to be placed in protective segregation. As such, Defendants are not failing to protect Plaintiff from a general threat of Aryan Warriors on the yard when Plaintiff refuses to accept Defendants' protection in this matter. To the extent that Plaintiff is attempting to litigate the merits of his case in this motion, the Court reminds Plaintiff that his case is "stayed for ninety (90) days to allow Plaintiff and Defendants an opportunity to settle their dispute before an answer is filed or the discovery process begins. During this ninety (90) day stay period, no other pleadings or papers shall be filed in this case, and the parties shall not engage in any discovery." (Dkt. no. 9 at 11.)

## II.  CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's motion for reconsideration (dkt. no. 20) is denied.

It is further ordered that Plaintiff shall not file any more pleadings or papers in this case during the ninety (90) day stay period.

DATED THIS 6th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE