UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ALMY, | Case No. 3:13-cv-00645-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| R. BANNISTER, *et al.,* | |
| Defendants. | |

## I.   SUMMARY

Before the Court is Plaintiff's objection to the United States Magistrate Judge Valerie P. Cooke's rulings at an October 23, 2014, hearing. (Dkt. no. 63). Plaintiff has also filed a request for expedited ruling on his objection with respect to the Magistrate Judge's decision to deny his request to amend his complaint. (Dkt. no. 125.)

## II.   STANDARD OF REVIEW

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly

1   erroneous when, although there is evidence to support it, the reviewing body on the

2   entire evidence is left with the definite and firm conviction that a mistake has been

3   committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation

4   omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is

5   not subject to *de novo* review, and the reviewing court "may not simply substitute its

6   judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951

7   F.2d 236, 241 (9th Cir. 1991).

8   **III.    DISCUSSION**

9         Plaintiff objects to the Magistrate Judge's decision to deny Plaintiff's request (1)

10   for extension of time to conduct discovery; (2) for order to identify and produce contact

11   information for two individual defendants; (3) to extend his copy work limit; and (4) for

12   leave to amend. (Dkt. no. 63.) The Magistrate Judge presented these rulings orally after

13   hearing from the parties on October 23, 2014. (Dkt. no. 60.) The Court will address each

14   objection in turn below.

15         **A.    Extension of Time**

16         Plaintiff moved to extend the discovery deadline by sixty (60) days, citing

17   "extreme pain" from injuries caused by excessive use of force that is alleged in another

18   case and the pressure of the work required in this case and his other pending cases,

19   including a trial set for the December 3, 2014, stack. (Dkt. no. 38.) The Magistrate

20   Judge explained her ruling as follows:

21         The parties are engaging in and completing discovery. If plaintiff is
22         dissatisfied with the discovery responses, he shall comply with the Local
           Rules regarding meet and confer requirements, and file a motion to
23         compel, if necessary.

24   (Dkt. no. 60.) Plaintiff admits that he did not comply with the requirements for seeking

25   an extension, including identifying the discovery completed, discovery that remains and

26   the reason the remaining discovery was not completed. (Dkt. no. 63 at 1.) The Court

27   finds that Plaintiff has failed to show that the Magistrate Judge's decision to deny his

28   request to extend the discovery deadline is clearly erroneous.  Moreover, the Magistrate

1   Judge subsequently granted Plaintiff's unopposed motion to extend the scheduling

2   order by sixty (60) days. (Dkt. no. 89.)

3        **B.      Request for Order to Identify Defendants**

4        Plaintiff objects to the Magistrate Judge's decision to deny his request to identify

5   two defendants, Gibson and Jane Doe, and produce their contact information. (Dkt. no.

6   63 at 2-3.)  Plaintiff's objection is rendered moot since both defendants have made an

7   appearance. (Dkt. nos. 101, 116.)

8        **C.      Request to Increase Prison Copy Work Limit**

9        Plaintiff objects to the Magistrate Judge's decision to deny his request to

10  increase his prison copy work limit by an additional $30, citing the need to file a motion

11  to amend his complaint and compliance with the Court's filing requirements. (Dkt. no. 63

12  at 4; dkt. no. 40.) In doing so, the Magistrate Judge directed defendants to provide

13  copies of discovery responses to their opposition should plaintiff file a motion to compel

14  and granted plaintiff leave to renew his motion, if necessary. (Dkt. no. 60 at 2.) Plaintiff

15  subsequently filed another motion for enlargement of prison copy work limit (dkt. no.

16  103), which the Magistrate Judge granted in part (dkt. no. 129). Plaintiff has failed to

17  demonstrate that the Magistrate Judge's decision was clearly erroneous.

18       **D.      Motion to Amend**

19       Plaintiff filed his motion to amend on September 11, 2014, after the expiration of

20  the deadline for filing motions to amend.[1] (Dkt. no. 45.)  Plaintiff's proposed amended

21  complaint, 138 pages in length, seeks to add 40 defendants and "new causes which

22  include seven instances of retaliation, and numerous other causes which were not in

23  existence or grievance exhaustion was incomplete at time the original complaint was

24  filed." (*Id.* at 2-5; dkt. nos. 45-1, 45-2.) The Magistrate Judge denied Plaintiff's request,

25  finding that granting leave to amend would unduly prejudice Defendants and result in

26  unreasonable delay. (Dkt. no. 60.)

27  _____

28       [1]The Scheduling Order established the deadline for amendments of pleading as sixty (60) days from the date of that order or September 6, 2014. (Dkt. no. 36, ¶ 2.)

1    Plaintiff asks the Court to review the Magistrate Judge's decision to deny his

2  motion to amend *de novo.*  Even accepting without deciding that the *de novo* standard

3  of review applies here, the Court agrees with the Magistrate Judge. The number of

4  defendants and claims that Plaintiff seeks to add would significantly expand the scope

5  of this case. In fact, the proposed amended complaint would double the number of

6  defendants and more than double the number of claims.[2] Granting leave to amend

7  under these circumstances, particularly in light of the late stage of the litigation at the

8  time Plaintiff filed his motion, would impose undue prejudice on Defendants and

9  unreasonably delay this case. In contrast, denial of Plaintiff's request for leave to amend

10  would not unduly prejudice Plaintiff since he may initiate a separate action to assert new

11  claims against the additional proposed defendants. The Court therefore overrules

12  Plaintiff's objections.

13  **IV.    CONCLUSION**

14    For the foregoing reasons, it is ordered that Plaintiff's objection (dkt. no. 63) is

15  overruled. The Court affirms and adopts the Magistrate Judge's rulings (dkt. no. 60).

16    It is further ordered that Plaintiff's motion for an expedited ruling on his objection

17  (dkt. no. 125) is denied as moot.

18    DATED THIS 26th day of June 2015.

19

20

21    MIRANDA M. DU
      UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27
      _____
      [2]After screening of Plaintiff's 85-page complaint, the Court permitted Plaintiff to
28  proceed on 4 counts against 20 defendants. (Dkt. no. 9.)