**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| KEVIN ALMY, | ) | 3:13-CV-0645-MMD (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | December 16, 2015 |
| | ) | |
| R. BANNISTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:      LISA MANN        REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

　　Before the court is plaintiff's motion to strike defendants' motion for summary judgment, or alternatively, to enlarge time to respond to same (#168).  Defendants opposed the motion (#173), and plaintiff replied (#179).

　　The court granted defendants' motion for an enlargement of time to file a dispositive motion on September 17, 2015 (#134).  Plaintiff's moves to strike defendants' motion for summary judgment because it was filed a day late on September 18, 2015 (#156).  Defendants contend in their opposition that they are afforded a three-day grace period pursuant to Fed.R.Civ.P. 6(d) for service of the court's order (#173).  Defendants are absolutely mistaken in this belief.  A deadline set by the court is, in fact, an actual deadline.  No grace period is allowed for service on a deadline set by the court.  Nevertheless, the court will grant defendants an extension of time *nunc pro tunc* to September 18, 2015 to file their motion for summary judgment.  Therefore, defendants' motion for summary judgment (#156) is considered timely filed, and plaintiff's motion to strike (#168) is **DENIED**.

　　Plaintiff's motions for extension of time to file an opposition to defendants' motion for summary judgment (#s 168, 178, & 181) are **GRANTED**.  Plaintiff shall have to and including **Friday, January 15, 2016** to file an opposition to defendants' motion for summary judgment.

Plaintiff's motion for court order for Clerk to provide plaintiff a copy of all plaintiff's motions, responses, replies and other filings in lieu of enlargement of copywork debt limit (#174) is **DENIED**. It is not the court's obligation to provide litigants, even indigent ones, with copy services. The clerk shall not provide copies.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: _____/s/_____
          Deputy Clerk