UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ALMY,<br><br>                    Plaintiff,<br>     v.<br>R. BANNISTER, *et al.*,<br><br>                    Defendants. | Case No. 3:13-cv-00645-MMD-VPC<br><br>ORDER |

On September 8, 2015, Magistrate Judge Cooke denied Plaintiff's motion for appointment of counsel (dkt. no. 135). (Dkt. no. 151.) Plaintiff timely filed an objection seeking reconsideration of Judge Cooke's Order ("Objection"). (Dkt. no. 160.) Defendants timely filed a response. (Dkt. no. 171.) For the reasons stated below, the Court overrules Plaintiff's Objection and affirms Magistrate Judge Cooke's Order.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

Plaintiff's Objection raises similar arguments he made in seeking appointment of counsel. Judge Cooke considered these various reasons and found that Plaintiff failed to demonstrate that exceptional circumstances exist to require a request for counsel to be appointed. Plaintiff argues that NDOC interferes with his access to files and medical records. However, the fact that counsel for a represented party may have easier access to records in the case than a *pro se* litigant does not give rise to exceptional

circumstances to warrant appointment of counsel. One of the factors the Court is required to consider is Plaintiff's ability to articulate his claims, *Terrell,* 935 F.2d at 1017; and Plaintiff has demonstrated that he is able to clearly present his claims here. The Court finds that the Magistrate Judge's decision is not clearly erroneous or contrary to law.

It is therefore ordered that Plaintiff's L.R. 1B 3-1 Objections to the Magistrate Judge's September 8, 2015, Order (dkt. no. 160) is overruled.

DATED THIS 22nd day of December 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE