1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          DISTRICT OF NEVADA
10                    * * *

11   KEVIN ALMY,                          Case No. 3:13-cv-00645-MMD-VPC

12                        Plaintiff,      ORDER REGARDING REPORT AND
                                          RECOMMENDATION OF
13         v.                             MAGISTRATE JUDGE
                                          VALERIE P. COOKE
14   R. BANNISTER, et. al.,

                             Defendants.
15

16   **I.    SUMMARY**

17          Before the Court is the Report and Recommendation of United States Magistrate

18   Judge Valerie P. Cooke (ECF No. 203) ("R&R") relating to Defendants' motion for

19   summary judgment ("Defendants' Motion") (ECF No. 156) and Plaintiffs' motion for

20   temporary restraining order ("TRO Motion") (ECF No. 197). The Magistrate Judge

21   granted Defendants an extension of time to respond to the TRO Motion (ECF No. 199) to

22   which Plaintiff objects ("Objection re TRO Motion") (ECF No. 200.) The Magistrate Judge

23   recommends that Defendants' Motion be granted in part and denied in part, and that the

24   TRO Motion be denied and the Objection re TRO Motion be overruled. (ECF No. 203.)

25   The parties had until June 9, 2016 to file their objections. (*Id.*) Plaintiff filed his objections

26   (ECF Nos. 204, 205), defendants filed a partial objection (ECF No. 206) and Plaintiff

27   responded (ECF No. 208). Plaintiff recently filed an addendum to his TRO Motion to

28   which Defendants responded and Plaintiff then replied. (ECF Nos. 214 217, 219.)

## II.   BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events giving rise to this action occurred while Plaintiff was housed at Northern Nevada Correctional Center ("NNCC"), Southern Desert Correctional Center ("SDCC") and Warm Springs Correctional Center ("WSCC"). (ECF No. 10.) The relevant facts are recited in the R&R, which this Court adopts.

## III.   LEGAL STANDARD

### A.   Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

///

///

### B.    Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

3

(1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

    **A.    TRO Motion**

    The Magistrate Judge recommends that the TRO Motion (ECF No 197) be denied, and Objection re TRO Motion (ECF No. 200) be overruled.

    Plaintiff's TRO Motion sought emergency relief for the Court to prevent destruction of Plaintiff's two legal boxes that remained at SDCC when he was transferred to NNCC on April 14, 2016, and to compel the transfer of these two boxes to NNCC. (ECF No. 197.) In response, Defendants requested an extension of time to respond to the TRO Motion, representing that defense counsel was able to persuade the Wardens to transport Plaintiff's two legal boxes. (ECF No. 198.) The Court granted the requested extension (ECF No 199) to which Plaintiff objects (ECF No. 200).

    The Court agrees with the Magistrate Judge that the relief requested in the TRO Motion — secure and transfer Plaintiff's two legal boxes to NNCC — was rendered moot by the fact that Plaintiff's two legal boxes were subsequently transferred to NNCC (ECF No. 201 at 2). (ECF No. 203 at 24.) Thus, Plaintiff obtained the relief he requested.

    The Court also agrees with the Magistrate Judge that the TRO Motion seeks relief that is not within the scope of the claims in this case. Plaintiff questions the Magistrate Judge's reasoning (ECF No. 204 at 2-3), but none of Plaintiff's claims involve the transfer of his two boxes of legal materials that were left behind when he was transferred from SDCC to NNCC on April 14, 2016. This is not to say that the Court is not concerned about litigants in NDOC custody, such as Plaintiff here, being allowed access to their legal materials. However, Defendants promptly addressed the issue raised in the TRO Motion by transferring Plaintiff's legal boxes to him.

    Plaintiff filed a supplement to his TRO Motion without leave of court, after the briefing on the TRO Motion was completed and after the Magistrate Judge issued the R&R. Local Rule 7-2(b) permits the filing of a motion, response and reply. The Court will

strike Plaintiff's supplement, Defendants' response and Plaintiff's reply (ECF Nos. 214 217, 219).

### B.  Defendants' Motion

The Magistrate Judge recommends denying Defendants' Motion with respect to the following claims: (1) count I — the retaliation claim against Meza, Vidaurri and Francher following the July 28, 2011, assault and the retaliation claim against Vidaurri and Halling in transporting Plaintiff to NNCC; (2) count II — the claim that Hill was deliberately indifferent to the risk Craner posed to Plaintiff's safety; and (3) count III — the First Amendment claims against Gibson and Perry regarding their withholding of Plaintiff's mail. (ECF No. 203.) The Magistrate Judge recommends granting Defendant's Motion as to the remaining claims in count I and the claim in count IV, and the defendants named in these claims as well as Hain, Rabourn, Perez, and Burson. (*Id.*) Defendants filed a partial objection, challenging the recommendation to deny summary judgment as to the retaliation claim in count I against Meza, Vidaurri and Francher. (ECF No. 206.) Plaintiff objects to the recommendation to grant summary judgment on the remaining claims, except for count IV. (ECF No. 205.) Accordingly, the Court adopts the Magistrate Judge's recommendations that are not objected to by either party. *See Thomas*, 474 U.S. at 149. The Court will next address the parties' objections.

### 1.  Plaintiff's Objection

Plaintiff contends the Magistrate Judge undermined his ability to fully oppose Defendants' Motion by limiting his opposition brief to 30 pages when he filed a 62 page opposition brief and imposed limitation on his time to comply. (ECF No. 205 at 2.) The Court disagrees. As the Magistrate Judge correctly noted in denying Plaintiff's motion for leave to file excess brief, Defendants' Motion is 14 pages in length and the case is not so complex that Plaintiff cannot present his response within former LR 7-4's limit on the

///

///

///

1   length of opposition brief.[1] (ECF No. 191 at 1.) The Magistrate Judge gave Plaintiff an

2   additional 23 days to file a brief within the required page limit (*id.*); and Plaintiff did not

3   ask for more time.

4       Plaintiff argues that the Magistrate Judge failed to address the second claim in

5   count I that the July 18, 2011, transfer to WSCC was retaliatory. (ECF No. 205 at 3.)

6   However, the screening order does not identify this as a claim that may proceed. (ECF

7   No. 9 at 4-5.)

8       Plaintiff argues that the Magistrate Judge misstated the gist of his claim in count I

9   as to the grievances relating to July 28 to September 14, 2011, segregation. (ECF No.

10  205 at 6-8.) The Magistrate Judge found that Plaintiff's allegations show denial of his

11  grievances, which without more, does not meet the adverse action element of his

12  retaliation claim.[2] The Magistrate Judge properly noted that Plaintiff alleges as harm the

13  improper screening of grievances, the failure to overturn disciplinary charges and the

14  denial of access to incident reports. (ECF No. 9 at 18; ECF No. 192 at 25.) The Court

15  agrees with the Magistrate Judge's finding. In his objection, Plaintiff argues that the

16  Magistrate Judge fails to consider that the denial of the grievances resulted in his

17  segregation which is a significant and atypical hardship. Plaintiff seems to rely on the

18  framework for analyzing a due process claim, which is not contained in count I. (ECF No.

19  9 at 5-6.) Plaintiff also asks for clarification to proceed against "the parties (with regard to

20  causing Almy's segregation." (ECF No. 205 at 7.) To the extent there is any confusion

21  about the retaliation two claims in count I, it is permitted to proceed against Meza,

22  Vidaurri, Francher and Halling.

23      ///

24  ---
    [1]The local rule governing limit on the length of briefs relating to motions for
25  summary judgment remains the same but after the recent amendment to the local rules,
    it is found at LR 7-3(a).

26      [2]To state a viable First Amendment retaliation claim in the prison context, a
    plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action
27  against an inmate (2) because of (3) that prisoner's protected conduct, and that such
    action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action
28  did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408
    F.3d 559, 567-68 (9th Cir. 2004).

Plaintiff objects to the Magistrate Judge's consideration of his allegations about his transfer to SDCC and his being forced to co-cell with violent and mentally ill offenders as one claim.[3] (ECF No. 205 at 9.) The screening order addresses these allegations as one claim. (ECF No. 9 at 5.) Moreover, Plaintiff's claim that he was being forced to co-cell with violent offenders is connected to this claim about the transfer to SDCC. But for his transfer to SDCC, he would not have been placed with violent offenders. Plaintiff argues that the Magistrate Judge erred in finding that because the transfer was initiated at his request, he cannot demonstrate a causal connection between the protected activity and the adverse action. The Court agrees with the Magistrate Judge. (ECF No. 203 at 10.) Moreover, as the Magistrate Judge correctly determined, there is no evidence of a retaliatory motive because Plaintiff does not allege that any of the named defendants were involved in the decision to transfer him. (ECF No. 203 at 10-11.)

The Magistrate Judge correctly construes the screening order to permit the retaliation claim against Stewart but recommends summary judgment in her favor because Plaintiff fails to identify an essential element of his retaliation claim — protected First Amendment activities. (ECF No. 203 at 11.) The Court agrees. Plaintiff asks that, to the extent the Court dismisses the claim against Stewart, dismissal be without prejudice so as to not interfere with any subsequent appellate proceedings. (ECF No. 205 at 10-11.) However, summary judgment in favor of Stewart would not affect Plaintiff's ability to appeal the Court's ruling.

With respect to the retaliation claim involving the October 11, 2012, disciplinary charges, Plaintiff asserts that the individuals involved in addressing the charges and Plaintiff's grievances acted in retaliation. (ECF No. 9 at 5-6; ECF No. 10 at 25, 27, 29, 34-43.) The Magistrate Judge found that (1) Plaintiff offers no evidence that in presiding over the disciplinary hearing, Torsky was motivated by Plaintiff's First Amendment

---

[3]Plaintiff contends his transfer to SDCC was on November 8, 2011, not April 5, 2012. (ECF No. 205 at 9.) The screening order references April 5, 2012, based on the dates provided to support the allegations in the complaint supporting count I — "April 15, 2012, to September 22, 2012[.]" (ECF No. 9 at 5; ECF No. 10 at 19.) Moreover, any error in the date of transfer does not affect the Court's analysis.

activities to retaliate against him; (2) Plaintiff fails to connect Willis's actions as to the notice of charges forms to any protected First Amendment activities; and (3) the other defendants (Hill, R. Smith, Foster, Williams, and Cox) who were involved in handling Plaintiffs grievances did nothing more than participate in the process for addressing Plaintiff's grievances. (ECF No. 203 at 12-14.) In his objection, Plaintiff "clarifies that Torsky's motivation was as a complicitor to C. Burson — his coworker and superior officials whom Almy had levied serious grievances against just days or weeks prior." (ECF No. 205 at 11.) Even accepting such clarification to supplement Plaintiff's complaint, the allegations are conclusory and speculative and are not sufficient to meet Plaintiff's burden to oppose summary judgment. *See Bhan, Inc.*, 929 F.2d at 1409. Plaintiff's arguments relating to the other defendants are similarly conclusory. The Court agrees with the Magistrate Judge's reasoning and will adopt the recommendation to grant summary judgment on the claim relating to the October 11, 2012, disciplinary charges.

The Magistrate Judge found that supervisory liability cannot be imposed on Cox for his role in supervising the grievances relating to the October 11, 2012, disciplinary charges because Plaintiff fails to show that Cox was personally involved in the alleged retaliatory conduct or that he knew of and could have prevented the alleged retaliatory conduct before they occurred. (ECF No. 203 at 14-15.) Plaintiff reiterates his argument in opposing summary judgment that he sent Cox a 206 page report to comprehensively refute the charges and Cox allowed the charges to remain on Plaintiff's prison record. (ECF No. 205 at 14.) However, as the Magistrate Judge correctly found, Plaintiff must allege that Cox knew of the alleged retaliatory conduct before they occurred. (ECF No. 203 at 15.)

### 2.   Defendants' Objection

The Magistrate Judge found that the retaliation claim in count I against Meza, Vidaurri and Francher following the July 28, 2011, incident is essentially the same as the claim in count XV in an earlier case, *Almy v. Davis,* No. 2:12-cv-00129-HDM-VCF ("*Almy*

8

*I*"). (ECF No. 203 at 6.) However, the Magistrate Judge declined to apply res judicata because count XV was dismissed based on Plaintiff's failure to exhaust administrative remedy which is dismissal without prejudice and is not a final judgment on the merits. (*Id.* at 7.) The Magistrate Judge cited to *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014), to support the reasoning that dismissal for failure to exhaust is without prejudice. (*Id.*)

Defendants argue that by failing to apply *res judicata* to preclude count I, the Magistrate Judge failed to consider the futility of any amended or subsequent pleading. However, application of *res judicata* does not involve an analysis of whether amendment of the claim in the earlier case would have been futile. "The elements necessary to establish *res judicata* are: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047, 1052 (9th Cir. 2005) (internal quotation marks omitted) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003)). In considering the second element, the Court is required to determine whether there was a final judgment on the merits in the earlier case, not as Defendants argue, whether amendment in the earlier case would have been futile where dismissal was for failure to exhaust administrative remedies.

Dismissal for failure to exhaust administrative remedies is not an adjudication on the merits and is considered dismissal without prejudice. *See Wyatt,* 315 F.3d at 1120. Defendants point out that the Report and Recommendation and the Order in the *Almy I* do not specify whether dismissal of count XV was with or without prejudice. But they do not address the merits of count XV either. (*Almy I,* ECF No. 159 at 6 & ECF No. 194 at 5.) Both the Report and Recommendation and the adopting Order considered only whether Plaintiff exhausted his administrative remedies, and is silent on whether count XV should be dismissed with prejudice because of futility of amendment. Indeed, had the court in *Almy I* reached the latter question, it would have so stated. Instead, the court dismissed count XV without stating that it was with prejudice. Moreover, it is up to the

1    court in *Almy I* to decide whether to engage in the added analysis that Defendants

2    advocate here — that is, whether to determine if amendment would be futile and to

3    dismiss with prejudice. Nor did the defendants in *Almy I* argue that count XV should be

4    dismissed with prejudice because of futility of amendment. (*Almy I,* ECF No. 27.)

5         Defendants argue in footnote 3 that the statute of limitations applies to bar the

6    retaliation claim in count I against Meza, Vidaurri and Francher, athough they concede

7    that this issue was not raised in Defendants' Motion. (ECF No. 206 at 5 n. 3.) The Court

8    has discretion, but is not required, to consider new arguments raised for the first time in

9    a party's objection to a magistrate judge's ruling." *Brown v. Roe,* 279 F.3d 742, 7444-46

10   (9th Cir. 2002). Defendants offer no good reason why they fail to raise this argument or

11   why the Court should consider it for the first time in Defendants' objection. The Court

12   thus declines to consider Defendants' new argument.

13   **V.    CONCLUSION**

14        It is therefore ordered, adjudged and decreed that the Report and

15   Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 203) is accepted and

16   adopted in full.

17        It is ordered that Defendants' motion for summary judgment (ECF No. 156) is

18   granted in part and denied in part. It is granted as follows: (1) all claims against Burson,

19   Hain, Rabourn, and Perez; (2) the count I claims against Mattice, Whittington, G. Smith,

20   Foster, Steward, Peery, Gibson, Bannister, Torsky, Hill, R. Smith, Williams, and Cox,

21   and regarding plaintiff's transfer to SDCC; and (3) the count II claim against Foster; and

22   the count IV claim against Steward. It is denied as follows: (1) the count I claims against

23   Meza, Vidaurri, Fancher, and Halling; (2) the count II claim against Hill; and (3) the count

24   III claims against Peery and Gibson.

25        It is further ordered that plaintiff's motion for a temporary restraining order (ECF

26   No. 197) is denied, and plaintiff's partial objection (ECF No. 200) to the court's order  is

27   overruled.

28   ///

It is further ordered that the Clerk strike Plaintiff's supplement to his motion, Defendants' response and Plaintiff's reply (ECF Nos. 214 217, 219).

DATED THIS 27th day of September 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE