

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ALMY, | Case No. 3:13-CV-0645-MMD (VPC) |
| Plaintiff, | ORDER |
| v. | |
| R. BANNISTER, et al., | |
| Defendant. | |

On October 5, 2016, the District Court referred this case for a settlement conference (ECF No. 223). However, prior to a settlement conference being set, the parties filed a stipulation of dismissal with prejudice after apparently negotiating a private settlement (ECF No. 225). On October 18, 2016, an order was entered dismissing this case with prejudice (ECF No. 226).

Currently before this court, plaintiff has filed several motions related this settlement. Each motion will be addressed in turn.

1. **<u>Plaintiff's motion to enforce settlement (ECF No. 228)</u>**

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.*, citing *American Fire & Causualty Co. v. Finn*, 341 U.S. 6 (1951). It is well settled that there is a presumption that a cause of action lies outside the federal court's limited jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must

1  have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action
2  or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 378.

3  In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary
4  jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a
5  federal lawsuit. *Id.* at 381. The Court stated that ancillary jurisdiction is general permissible under
6  two circumstances: "(1) to permit disposition by a single court of claims that are, in varying
7  respects and degrees, factually interdependent; and (2) to enable a court to function successfully,
8  that is, to manage its proceedings, vindicate its authority, and effectuate its decress." *Id.* at 379-
9  80 (internal citations omitted). As to the first circumstance, the Court found that it would not be
10 particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of
11 contract claim because the facts underlying the breach of a settlement agreement "have nothing to
12 do with" the facts of the underlying case. *Id.* at 380.

13 As to the second circumstance, the Court held that a federal court has ancillary jurisdiction
14 to enforce a settlement agreement "if the parties' obligation to comply with the terms of the
15 settlement agreement had been made part of the order of dismissal – either by separate provision
16 (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the
17 terms of the settlement agreement into the order." *Id.* at 381. Jurisdiction exists in such a case
18 because a breach of the settlement agreement violates a court order. *Mallard Automotive Group*
19 *Ltd. v. United States*, 343 F.Supp.2d 949, 955 (D. Nev. 2004) *citing Kokkonen*, 511 U.S. at 375.
20 If the federal court has no independent jurisdiction over the settlement agreement, and absent
21 making the settlement agreement part of the dismissal order, enforcement of the agreement is for
22 the state courts. *Mallard*, 343 F.Supp.2d at 955.

23 "Mere awareness and approval of the terms of the settlement agreement" by the judge are
24 not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at
25 381. Nor is language in the order of dismissal stating that the dismissal is "based on the settlement"
26 enough for the federal court to retain jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir.
27 1995). "Indeed, even a district court's expressed intention to retain jurisdiction is insufficient to
28 confer jurisdiction if that intention is not expressed in the order of dismissal." *Id. citing Hagestad*

*v. Trafeseer*, 49 F.3d 1430, 1433 (9th Cir. 1995) (finding that although the judge stated on the record that he would act as "czar" over the settlement, because the order of dismissal merely stated "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice," the court did not retain jurisdiction over enforcement of the settlement agreement).

Therefore, plaintiff's motion to enforce settlement (ECF No. 228) is **DENIED**.

2. **Plaintiff's motions to seal exhibit (ECF Nos. 227 & 229)**

Plaintiff's motions to seal exhibit to motion to enforce settlement agreement (ECF Nos. 227 & 229) are **GRANTED**.

3. **Plaintiff's motion for relief from order dismissing case (ECF No. 234) and defendants' motion to strike motion ECF No. 234 (ECF No. 237)**

Plaintiff's motion for relief from order dismissing case (ECF Nos. 234) is **DENIED** for the reasons stated in Section One above. Defendants' motion to strike motion ECF No. 234 (ECF No. 237) is **DENIED as moot**.

4. **Plaintiff's motion for Clerk to cure error re filing fee (ECF No. 232) and motion to grant unopposed motion (ECF No. 235)**

Plaintiff's motions (ECF No. 232 & 235) are **GRANTED**. The Clerk shall reapply the $350.00 paid on November 21, 2016 in case number 3:16-Cv-0231-MMD (WGC) to case number 3:13-CV-0645-MMD (VPC).

DATED: January 18, 2017

_____
VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE